March 2, 2015

Abel Acosta, Clerk
Court of Criminal Appeals
Post Office Box 12308
Austin, Texas   78711-2308

71,478-03

Re:   Writ No. WR-71,478-02

Dear Mr. Acosta:

Enclosed for filing is Relator's Second Motion for a Writ of Mandamus.

Thank you for presenting this to the Court.

Yours Sincerely,

Johnny Anthony Moreno, #1485335
Polunsky Unit
3872 Fm 350 South
Livingston, Texas          77351

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 06 2015

Abel Acosta, Clerk

cc: Jana Duty, District Attorney
    Williamson County Courthouse
    Post Office Box 24
    Georgetown, Texas   78627

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

JOHNNY ANTHONY MORENO,                §
                                      §
                                      §
                                      §       WRIT NO. WR-71,478-02
                                      §
                                      §
RELATOR                               §


RELATOR MORENO'S SECOND PETITION FOR WRIT OF MANDAMUS


On February 4, 2015, this Court denied Relator's Original Application for Writ of Mandamus. Accordingly, this second application is presented on an "EMERGENCY BASIS" because:

I

The Williamson County, Texas, District Attorney, Jana Duty, is purposefully denying Relator, Johnny Anthony Moreno, meaningful access to court on a genuine issue of material fact affecting his confinement in which he can prevail by refusing to forward his September 18, 2014, State Habeas Corpus Application (EXHIBIT A), to the Texas Court of Criminal Appeals, or in the alternative, comply with the provision of Article 11.07, §§ 3(a), 3(b), and 3(c), of the Texas Code of Criminal Procedure, which provides:

> 3(b) The State shall answer within 15 days.
>
> 3(c) 20 days for the trial court to determine whether there are any controverted issues regarding the legality of Applicant's confinement. If there are no issues the convicting court must immediately forward the application to the Court of Criminal appeals.

-1-

3(d)  If the convicting court finds that there
      are controverted unresolved facts, the
      trial court *shall* designate the issues
      to be resolved.

But in Relator's State habeas corpus application neither the District Attorney nor the trial court took the initiative to comply with these provision.even though Relator timely and properly filed his application.

Moreover, the very language of the habeas corpus statute, i.e., [*shall*] and [*must*] clearly mandate that theses are ministerial durites as opposed to some elective discretionary function. And, in postconviction habeas corpus cases, it is well established that it is the Texas Court of Criminal Appeals, [not] the local District Attorney who is the ultimate fact finder. *Ex Parte Henderson*, 384 S.W.3d 833 (Tex.Crim.App. 2012). Accordingly, the district attorney cannot circumvent the power of the Texas Court of Criminal Appeals by withholding habeas corpus applications.

II

The issues raised in Relator's State habeas corpus application are also cognizable by Federal Habeas Corpus review following the United States Supreme Court's decision in *Martinez v Ryan*, ____ U.S. ____, 132 S.Ct. 1309, 162 L.Ed.2d 272 (2012), where the Court determined:

"A criminal defendant has the Constitutional right to the effective assistance of counsel in a postconviction collateral proceeding."

In *Ex Parte Gutierrez*, 337 S.W.3d 883 (Tex.Crim.App. 2011),

-2-

this Court determined that once the trial court found reasonable grounds for DNA testing, the trial court was authorized to appoint counsel for the postconviction DNA testing. But it was in Martinez v Ryan, supra, that the Supreme Court decided a defendant is entitled to the effective assistance of counsel in these collateral proceeding where this is the only opportunity a defendant can raise his claim of innocence or in the alternative provide a "gateway" for further proceedings and relief.

The changes in the law regarding counsel in collateral postconviction case decided by the United States Supreme Court in Martinez v Ryan, supra, apply directly to Relator's case because his counsel at his DNA hearing was so grossly ineffective that Relator was virtually without counsel. Also, the Supreme Court in Trevino v Thaler, ____ U.S. ____, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), decided one year after Martinez v Ryan, decided that the Court's ruling in Martinez applies to Texas cases because it is highly unlikely that an inmate could raise a meaningful claim of ineffective assistance of counsel on direct appeal. Cf. Mata v State, 226 S.W.3d 425,430 (Tex.Crim.App. 2007), and Williams v State, 301 S.W.3d 675 (Tex.Crim.App. 2009).

In Relator Moreno's case, he vigorously alleges that once the trial court recognized that that Mr. Moreno showed entitlement to DNA testing, his appointed counsel undermined every single legitimate issue that would have entitled him to DNA testing. And the record supports this claim.

## PRAYER FOR RELIEF

—3—

Now, for all the reasons stated herein, Relator now prays that the Honorable Court of Criminal Appeals will [ORDER] the Williamson County District Attorney, Jana Duty, to come into full compliance with provisions of Article 11.07, §§ 3(b),3(c) and 3(d), or in the alternative promptly forward Relator's habeas corpus application to the Court of Criminal Appeals without delay.

Respectfully Submitted

Johnny Anthony Moreno, #1485335
Polunsky Unit
3872 Fm 350 South
Livingston, Texas               77351

Executed:  March  2 , 2015.

-4-

CERTIFICATE OF SERVICE

Service has been accomplished by forwarding a true and correct copy of <u>MOVANT MORENO'S SECOND PETITION FOR WRIT OF MANDAMUS</u>, postage prepaid, via United States Postal Service on this 2nd of ___March___, 2015, to:

> Jana Duty, District Attorney
> Williamson County Courthouse
> Post Office Box 24
> Georgetown, Texas   78627

_Johnny Anthony Moreno_
Johnny Anthony Moreno, #1485335

Case No. _____
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

**NAME:** Johnny Moreno

**DATE OF BIRTH:** September 19, 1965

**PLACE OF CONFINEMENT:** Polunsky Unit - TDCJ-CID

**TDCJ-CID NUMBER:** 1485335     **SID NUMBER:** 03306427

<table>
<tr><td>(1)</td><td colspan="4">This application concerns (check all that apply):</td></tr>
<tr><td></td><td>☒</td><td>a conviction</td><td>☐</td><td>parole</td></tr>
<tr><td></td><td>☒</td><td>a sentence</td><td>☐</td><td>mandatory supervision</td></tr>
<tr><td></td><td>☐<br>X</td><td>time credit<br>DNA</td><td>☐</td><td>out-of-time appeal or petition for discretionary review</td></tr>
</table>

DEFENDANT'S
EXHIBIT
"A"

(2)    **What district court entered the judgment of the conviction you want relief from?**
(Include the court number and county.)

    368th Judicial District Court - Williamson County, Texas

(3)    **What was the case number in the trial court?**

    07-712-K368

(4)    **What was the name of the trial judge?**

    Burt Carnes

FILED
at 800 o'clock ___ M
SEP 1 0 2014
Lisa David
District Clerk, Williamson Co., TX.
Rev. 01/14/14

Polunsky Unit Recvd 10/29/14

NO. 07-712-K368B

THE STATE OF TEXAS VS. JOHNNY MORENO

§ IN THE
§ 368TH JUDICIAL DISTRICT
§ COURTOF
§ WILLIAMSON COUNTY, TEXAS
§

## WAIVER OF SERVICE

NOW COMES JANA DUTY, District Attorney of Williamson County, Texas, and hereby acknowledges that she has on the 18th day of September, 2014, received from the District Clerk's Office a copy of the Application for Writ of Habeas Corpus filed on September 18, 2014, in the above entitled and numbered cause and she hereby waives delivery to her of said Application by certified mail.

JANA DUTY, District Attorney
Williamson County, Texas

BY: M. Brune, Assistant DA

DEFENDANT'S
EXHIBIT
"B"

LISA DAVID, District Clerk
Williamson County, Texas

BY: Angela Garcia, Deputy

FILED
at 1050 o'clock A M
SEP 19 2014
Lisa David
District Clerk, Williamson Co., TX

To Lunsky Unit  Rec'vd 10/29/14